9 So.3d 810 (2009)
In re Philip C. HOFFMAN.
No. 2007-OB-1989.
Supreme Court of Louisiana.
May 5, 2009.
Richard Anthony Goins, New Orleans, Lawrence J. Centola, Jr., Monique Rene Drake, for applicant.
Landry & Swarr, Mickey P. Landry, Stanley, Flanagan & Reuter, William M. Ross, Richard Charles Stanley, Suzanne Karen Scalise, New Orleans, for respondent.

ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.
Petitioner, Philip C. Hoffman, applied to sit for the Louisiana Bar Examination. On his application, petitioner disclosed his ongoing problem with and subsequent treatment for drug and alcohol addiction. After review of this information, the Committee on Bar Admissions ("Committee") determined that it was appropriate to refer petitioner for a substance abuse evaluation. Following the evaluation, and petitioner's successful completion of the bar exam, petitioner and the Committee filed a joint petition for conditional admission in this court. The parties proposed that petitioner be admitted to the bar on a conditional basis for a period of five years, subject to the requirement that he comply with all of the terms and conditions of his contract with the Lawyers Assistance Program. On October 15, 2007, we denied the petition for conditional admission on the showing made and appointed a commissioner to take evidence concerning petitioner's character and fitness to practice law. We also authorized the Office of Disciplinary Counsel to conduct an investigation into petitioner's qualifications to be admitted to the bar. Following the proceedings, the commissioner filed his report with this court, recommending that petitioner be conditionally admitted to the practice of law. The Committee objected to that recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(D)(6).
After hearing oral argument, reviewing the evidence, and considering the law, we conclude petitioner is eligible to be conditionally admitted to the practice of law in Louisiana, subject to a probationary period of five years. The probationary period may be extended upon recommendation of the Executive Director of the Lawyers Assistance Program. During the probationary period, petitioner shall comply with all of the terms and conditions of the contract executed by him with the Lawyers Assistance Program, and such other conditions as may be imposed upon him by the Executive Director of the Lawyers Assistance Program. Should petitioner fail to make a good faith effort to satisfy these conditions, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated *811 or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.
CONDITIONAL ADMISSION GRANTED.
JOHNSON, J., dissents.
VICTORY, J., dissents and assigns reasons.
VICTORY, J., dissenting.
I dissent from the Per Curiam opinion as I would deny the petitioner admission to the bar.